**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ANGEL BELTRAN-CHAIDEZ,<br><br>Defendant. | Case No. 1:22-cr-00131 JLT SKO<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE<br><br>(Doc. 359) |

Defendant Jose Angel Beltran-Chaidez moves for a reduction in his prison sentence under 18 U.S.C. § 3582(c)(1)(A) based primarily on his advanced age and poor mental and physical health. The motion is **DENIED**. He has not demonstrated that a reduction is warranted under the relevant sentencing factors, which remain largely unchanged since the time the Court imposed the sentence he is currently serving.

**BACKGROUND**

Defendant was indicted on two counts related to the distribution of methamphetamine and heroin in May 2022. (Doc. 66.) He entered a plea agreement with the government the next year. (Doc. 192.) Under the terms of that agreement, he would plead guilty to one count, possession of heroin with intent to distribute. (*Id.* at 2.) He agreed that he had planned with his brother and others to sell a kilogram's worth of a heroin mixture. (*See id.* at 10–11.) He also agreed that the

1

government could prove at trial that federal officers were monitoring his phone and that when a drug sale did not go through, officers found heroin in a hidden compartment of the truck he was driving.  (*Id.* at 11.)

At sentencing, Defendant emphasized his humble roots, his compliance with the terms of his pretrial release, his advanced age (69 at the time), and his deteriorating health, including a serious history of high blood pressure and cholesterol, multiple heart attacks, emergency surgeries, diabetes, vision and memory loss, and partial kidney failure.  (Doc. 301.)  The Court considered these circumstances, among others, noting specifically his age, his childhood, and his "significant medical and mental health needs."  (Doc. 377 at 12.)  The Court found that his medical condition and advanced age meant that a sentence of 37 months (the low end of the advisory Guidelines range) was greater than what was necessary to fulfill the purposes of 18 U.S.C. § 3553(a).  (*Id.* at 13.)  The Court imposed a sentence of 24 months, varying downward by more than a year.  (*Id.* at 13–14; *see also* Doc. 305 (Judgment and Commitment).)

Defendant is serving his sentence at FCI Big Spring in Texas.  (Doc. 379 at 10.)  His scheduled release date (accounting for statutory credits) is a few months away, in August of this year.  (*Id.*)  He asks to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A), again citing his poor health, his age, and the untimely death of his adult son in a car crash, which has caused him great distress.  (Doc. 359.)  According to his motion, he has been taken to the emergency room three times for "heart-related issues," he has had chest pain, and he is experiencing the symptoms of prolonged grief disorder.  (*Id.* at 7–9.)

The parties have produced a lengthy collection of medical records.[1]  The government agrees that these records show Defendant has been diagnosed with and is receiving treatment for "type 2 diabetes, major depressive disorder, anxiety disorder, prolonged grief disorder, epilepsy/seizure disorder, essential (primary) hypertension, myocardial infraction, and cardiac arrest."  (Doc. 379 at 5.)  The government does not dispute that these conditions are chronic and

---

[1]  The Court filed the medical records under seal to protect defendant's privacy.  Both parties refer to these records in documents that are available on the public docket, so the Court will do the same here, without taking any additional measures to preserve Defendant's privacy.

serious, but it opposes Defendant's motion.  (*Id.*)  It argues that Defendant is receiving treatment, that the Court already took his health and age into account at his sentencing, and that the relevant sentencing factors do not favor a reduced sentence.  (*Id.* at 5–7.)  Briefing is complete, and the Court found a hearing was not necessary.  (*See* Docs. 361, 383.)

**STANDARD OF DECISION**

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.").  Under the First Step Act of 2018, however, a defendant may move for a sentence reduction in the district court. 18 U.S.C. § 3582(c)(1)(A).  Upon such a motion,

> district courts may reduce [a defendant's] term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) "extraordinary and compelling reasons" warrant a sentence reduction; (3) a sentence reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a).

*United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022).  The defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022)

**DISCUSSION**

The parties agree Defendant has satisfied the statutory exhaustion requirement.  (Docs. 359 at 11; 379 at 4.)  They disagree whether he meets the remaining three requirements.  The Court begins with the sentencing factors in § 3553(a), as those factors are determinative in this case.  The Court considered the relevant factors when it sentenced Defendant in February 2025, not much more than a year ago.  The relevant circumstances have not changed so meaningfully as to justify a different sentence than the one the Court imposed.

Defendant's drug offense was nonviolent, but serious, as it involved a relatively large quantity of heroin.  His actions put people at risk.  (Doc. 377 at 12.)  As the Court recognized and considered at his sentencing, he had a difficult childhood, but that childhood was a long time in

3

his past; he committed his offense in his late sixties. (*Id.*) It was unclear at sentencing, as it is now, why Defendant allowed himself to become involved in drug transactions. The record is conflicting. (*See id.* at 12–13.) But on the bottom line, Defendant knew what he was doing and knew it was illegal. (*Id.* at 11.)

Defendant's age and medical needs did not excuse his conduct, but the Court took his serious medical needs into consideration in deciding the appropriate length of his prison sentence under § 3553(a). (*Id.* at 13.) As noted above, the advisory Guidelines range was more than three years. (*Id.*) The Court imposed a much lower sentence—more than a year lower than the advisory range—based in part on the possibility that the Bureau of Prisons would not be as capable of providing the care that Defendant had been receiving before incarceration. (*Id.*) The government does not appear to dispute that his physical and mental health have declined since his sentencing, in part as a result of his son's death, but he has not demonstrated that his condition has declined so greatly that the Court must revisit the § 3553(a) factors on that basis.

Defendant emphasizes research on low rates of recidivism among older offenders and his supportive family connections in an effort to show that the risks to the community are low. (*See* Doc. 359 at 24–25.) The circumstances of his offense deprive these references of persuasive effect. He committed a felony drug offense even at a relatively advanced age, even though he was in relatively poor health, and despite available support from his family, or perhaps because of that support. (*Cf. id.* at 11–13 ("The Court: It may be that you did this because of your love for your brother. . . . I don't know what to make of the fact . . . I saw your brother not too long ago in court in which he said he did not bring you into this. That, in fact, you brought him in.").)

Defendant does not argue a reduction is necessary to avoid unwarranted sentencing disparities, and the remaining factors listed in section 3553(a) do not weigh strongly for or against a reduction. The Court therefore denies the motion based on the sentencing factors in § 3553(a), without reaching the other two parts of the test that applies to requests for sentencing reductions under § 3582(c)(a)(A). *See Wright*, 46 F.4th at 945 ("Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.").

4

**CONCLUSION**

The motion (Doc. 359) is **DENIED**.


IT IS SO ORDERED.

Dated:    **April 7, 2026**

_____
UNITED STATES DISTRICT JUDGE